IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER BERRY,** : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. 14-3130 |
| : | |
| : | |
| **KEVIN KAUFFMAN,** *et al.*,[1] : | |
| Respondents. : | |

**MEMORANDUM OPINION**

**Rufe, J.** September 23, 2016

Petitioner seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution. Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation ("R&R") recommending that the petition be dismissed for lack of jurisdiction, to which Petitioner filed objections. For the following reasons, Petitioner's objections will be overruled and the petition for writ of habeas corpus will be dismissed without prejudice for lack of jurisdiction.

I. **PROCEDURAL HISTORY**

Petitioner is currently incarcerated in a state correctional institution, having pleaded guilty in 1984 to first degree murder and conspiracy pursuant to a negotiated plea deal in which the prosecution agreed not to seek the death penalty.[2] Under Pennsylvania law, this resulted in a mandatory sentence of life without parole—something Petitioner claims that he was not aware of

---

[1] As explained in the R&R, the caption in this case has changed to reflect Petitioner's transfer to a different correctional institution than the one in which he was incarcerated when he first filed this petition. *See* R&R, Doc. No. 22, at 1 n.1.

[2] Petitioner also agreed to testify against one of his co-conspirators, but later reneged on that agreement.

when he entered the plea.[3] This is Petitioner's fourth attempt to undo his sentence via federal habeas relief. Because the history of Petitioner's various efforts is relevant to whether this Court has jurisdiction, it is recounted in some detail.[4]

Petitioner initially moved to withdraw his guilty plea in state court. The trial court denied this request, the Pennsylvania Superior Court affirmed, and the Supreme Court of Pennsylvania denied review. In 1988, Petitioner filed his first petition for habeas corpus in federal district court, alleging there was insufficient evidence to support his guilty plea for first degree murder. The district court denied the petition, and the Third Circuit denied Petitioner's subsequent request to appeal.

Petitioner then filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA") claiming that his plea was involuntary. The PCRA court denied the petition, the Pennsylvania Superior Court affirmed, and the Pennsylvania Supreme Court denied review.

Petitioner filed his second habeas petition in federal district court in 2002, arguing that his plea was involuntary because plea counsel and the prosecutor misled him into believing he would be eligible for parole after serving 15 or 20 years of his life sentence. The petition was dismissed with prejudice. On appeal, the Third Circuit reversed and directed the district court to dismiss the petition without prejudice. The Third Circuit explained that because the petition was a "second or successive habeas petition" under 28 U.S.C. § 2244(b)(3)(A), Petitioner was first

---

[3] *See* Petition, Doc. No. 1, at 17; *see also* 18 Pa. Stat. and Consol. Stat. Ann. § 1102(a)(1) (amended 2008 and 2012); Carolyn Engel Temin et al., Pennsylvania Benchbook for Criminal Proceedings § 100.28 (3d ed. 1999) (model guilty plea colloquy explaining that the only possible sentences for first degree murder are death or life imprisonment without parole). While, as will be explained, the Court cannot reach the merits of Petitioner's claims, the record of Petitioner's guilty plea at least suggests that Petitioner may indeed have been misled regarding his sentencing exposure due to the court's reference to the possibility of parole. *See* Transcript of Record at 89-91, *Commonwealth v. Berry*, No. 104-105 (Phila. Ct. Comm. Pleas May 23, 1984).

[4] Unless otherwise noted, the procedural history here is based on Magistrate Judge Hey's thorough discussion in the R&R. As Magistrate Judge Hey noted, the file for Petitioner's first habeas petition is apparently inaccessible, and thus was not available for review. *See* R&R at 2 n.2.

required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[5] Petitioner then filed a request in the Third Circuit to file a second or successive habeas petition, and the Third Circuit denied the request, finding that none of Petitioner's claims relied on a new rule of constitutional law or previously unavailable factual predicate, and thus were subject to mandatory dismissal under 28 U.S.C. § 2244(b)(2).[6]

Between 2006 and 2008, Petitioner filed two more PCRA petitions, both of which were denied.[7] On October 28, 2008, Petitioner requested permission from the Third Circuit to file a successive habeas petition, again alleging that his guilty plea was induced by the misrepresentation that he would be eligible for parole. The Third Circuit denied the request. In 2013, Petitioner also filed a petition for habeas corpus in the Pennsylvania Supreme Court, which was denied.[8]

On May 22, 2014, Petitioner filed this petition *pro se*, claiming that: (1) his denial of a parole hearing violated his due process rights; (2) the Pennsylvania Supreme Court's denial of his request for reconsideration violated his due process rights; and (3) his Fourth Amendment rights were violated when police coerced statements from his uncle and brother during an interrogation in 1983.[9] Petitioner also repeated his claim that his due process rights were violated because he was misled into believing he would be eligible for parole.[10]

---

[5] *Berry v. Klem*, 86 F. App'x 516, 517 (3d Cir. 2004) (per curiam) (quoting 28 U.S.C. § 2244(b)(3)(A) (internal quotation marks omitted)).

[6] *See In re Berry*, Civ. No. 04-3668 (3d Cir. Oct. 4, 2004) (docket sheet).

[7] In both cases, the Pennsylvania Superior Court affirmed the denial of relief and the Pennsylvania Supreme Court denied review.

[8] Petitioner's motion for reconsideration of this ruling was also denied.

[9] Petition, Grounds 1-3.

[10] *Id.* at 19-20.

Magistrate Judge Hey issued an R&R recommending that Petitioner's claims be dismissed for lack of jurisdiction, as Petitioner failed to seek permission from the Third Circuit to file a successive petition.  Petitioner then timely filed objections, primarily arguing that his petition is not successive because he now challenges the Pennsylvania Board of Probation and Parole's ("Parole Board's") decision to deny him parole, rather than his original sentence.[11]

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this petition.  Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[12]  Where, as here, the petition is referred to a magistrate judge for a report and recommendation, a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[13]

The AEDPA provides stringent gatekeeping procedures for second or successive habeas petitions.[14]  A petition is "second or successive" if it includes "claims that could have been raised in an earlier habeas corpus petition."[15]  Such petitions may not initially be filed in federal

---

[11] Objection, Doc. No. 21, at 11-13.

[12] 28 U.S.C. § 2254(a).

[13] 28 U.S.C. § 636(b)(1).

[14] *See generally Goldblum v. Klem*, 510 F.3d 204, 216 (3d Cir. 2007) ("The AEDPA instituted a 'gatekeeping mechanism' which imposed strict procedural requirements and significantly altered the substantive showing an applicant had to make in order to proceed on new claims in a second petition.") (footnote omitted).

[15] *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).

4

district court; rather, the petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[16] Moreover, second or successive petitions are subject to mandatory dismissal unless the petitioner's claims are predicated upon either a new retroactive constitutional rule announced by the Supreme Court or new and previously undiscoverable facts.[17]

## III. DISCUSSION

Whether this Court has jurisdiction depends on whether the petition is "second or successive" within the meaning of the AEDPA. The R&R concluded that the petition was successive because Petitioner's claims attack the same sentence challenged in prior petitions, and could have been raised in those petitions.[18] The Court agrees.

Petitioner's first two claims—that he was denied a parole hearing, and that the state courts erred in dismissing claims based on this denial—are simply a new take on Petitioner's previous argument, raised in his 2002 habeas petition, that his plea was involuntary because he was misled into believing that he would be eligible for parole.[19] Petitioner responds that he could not have raised these claims until his parole denial, but again, he raised essentially the same claims years earlier.[20] Accordingly, Petitioner's claims do not challenge a new judgment or sentence, and instead merely attack the administration of Petitioner's sentence based on facts

---

[16] 28 U.S.C. § 2244(b)(3)(A).

[17] 28 U.S.C. § 2244(b)(1)-(2); *see also Gonzales v. Crosby*, 545 U.S. 524, 529 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.").

[18] R&R at 8-9.

[19] *See United States v. Hawkins*, 614 F. App'x 580, 581 (3d Cir. 2015) (per curiam) (denying habeas relief to successive petition because it "attack[ed] the same criminal judgment" as the prior petition) (citing *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014)).

[20] Objection at 11-12.

previously known to Petitioner.[21] This renders the petition successive, and this Court is without jurisdiction to consider it.[22]

Similarly, Petitioner's third claim—that his brother and uncle were coerced into implicating him in violation of the Fourth Amendment—challenges the same sentence as his previous petitions.[23] Petitioner asserts that his claim is based on "after-discovered evidence" and thus could not have been raised earlier.[24] However, this conflates the issue of jurisdiction with the substantive question of whether Petitioner's third claim is predicated upon newly discovered evidence such that it could avoid mandatory dismissal under 28 U.S.C. § 2244(b), a merits issue for the Third Circuit to consider in the first instance.[25] The Court also notes that Petitioner appears to have been aware of this claim prior to filing his application for a successive habeas

---

[21] *Compare Magwood v. Patterson*, 561 U.S. 320, 342 (2010) (holding that habeas petition challenging petitioner's re-sentencing following a successful habeas petition challenging petitioner's prior sentence was not successive), *with Benchoff*, 404 F.3d at 818 (petitioner's third denial of parole, based on similar grounds as previous denials of parole, did not allow petitioner to file a new habeas petition without complying with AEDPA's procedure for successive petitions).

[22] *See Shockley v. Phelps*, 769 F. Supp. 2d 725, 727 (D. Del. 2011) ("[A] subsequent habeas application challenging the administration of a petitioner's sentence will constitute a second or successive application if the petitioner 'knew of all the facts necessary to raise' the sentence administration claim prior to the filing of the initial application.") (quoting *Benchoff*, 404 F.3d at 817-18).

[23] *E.g.*, *Blant v. Wetzel*, No. 13–3488, 2014 WL 940348, at *1 n.1 (E.D. Pa. Mar. 11, 2014) (dismissing petition as successive where it the challenged "the *same* January 4, 1996 judgment of conviction and resulting sentence as did his first federal habeas petition").

[24] Objection at 13-14.

[25] Under the AEDPA, a three-judge panel of the Third Circuit must determine that Petitioner has made a *prima facie* showing that his petition satisfies one of § 2244(b)(2)'s substantive exceptions before this Court is authorized to consider the petition on the merits. 28 U.S.C. § 2244(b)(3). The Court has doubts about whether Petitioner can make such a showing. His new evidence consists solely of affidavits from his brother and uncle, executed 25 years after their interrogations, stating that they were coerced into making statements implicating Petitioner. *See* Petition, Ex 2. Even accepting Petitioner's dubious assertion that he was unable to discover this allegedly exculpatory evidence until his brother became "drug free" in 2008, Objection at 14, Petitioner offers no real explanation for why he could not have learned this information from his uncle, or otherwise investigated the circumstances of his brother and uncle's interrogation, prior to 2008.

6

petition with the Third Circuit in October 2008,[26] and that nothing prevented Petitioner from raising this claim then, if not earlier.[27] This Court thus lacks jurisdiction over the petition.

## IV. CONCLUSION

The objections to the R&R are overruled. Lacking jurisdiction, this Court's "only option is to dismiss the petition or transfer it to the court of appeals."[28] Because the Third Circuit has rejected Petitioner's previous challenges to his sentence, this case is dismissed without prejudice, rather than transferred.[29] An order will be entered.

---

[26] The affidavit from Petitioner's brother, dated August 26, 2008, predated Petitioner's request to the Third Circuit, although the affidavit from Petitioner's uncle was not signed until November 13, 2008. Petition, Ex. 2 at 34, 36.

[27] That Petitioner was allegedly unaware of this claim when he filed his first petition in 1988 does not excuse him from complying with the AEDPA's procedural requirements, as the factual predicates of the claim existed at that time. *See Gage v. Chappell*, 793 F.3d 1159, 1166 (9th Cir. 2015) (explaining that "claims that were ripe at the conclusion of a first [habeas] proceeding but were not discovered until afterward . . . . indeed qualify as second or successive under the AEDPA") (citation and internal quotation marks omitted); *cf. Johnson v. Wynder*, 408 F. App'x 616, 618-19 (3d Cir. 2010) (finding that petition alleging petitioner's actual innocence was successive because petitioner could have raised claims in prior petition, even though it would have been "difficult or impossible" for petitioner to succeed on them at that time). And Petitioner's failure to exhaust this claim in state court would also not have prevented Petitioner from including it in his prior petitions. *Benchoff*, 404 F.3d at 820 (finding that petitioner's "failure to have exhausted [a] claim is not an excuse for [petitioner's] failure to raise the claim in his first petition") (citing *Rose v. Lundy*, 455 U.S. 509, 521 (1982)).

[28] *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

[29] This decision has no effect on Petitioner's right to seek permission from the Third Circuit to file a successive petition, and the Court therefore does not reach Petitioner's argument, Objection at 7-10, that failure to consider Petitioner's claims on the merits would constitute a manifest injustice. *See Edwards v. Palakovich*, Civil No. 1-CV-06-1785, 2007 WL 2071885, at *2 (M.D. Pa. July 19, 2007) (dismissing petition rather than transferring it because the claim was not meritorious, and noting that a "decision not to transfer has no effect on Petitioner's right to apply to the Third Circuit for approval to file a successive petition").